**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELMER JON BUCKARDT, | No. 12-70143 |
| Petitioner - Appellant, | CIR No. 22131-10 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted November 19, 2013[**]

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

Elmer Jon Buckardt appeals pro se from the Tax Court's decision, after a

bench trial, upholding the Commissioner of Internal Revenue Service's notice of

deficiency against him for tax year 2008. We have jurisdiction under 26 U.S.C.

§ 7482(a)(1). We review de novo the Tax Court's legal conclusions, *Ann Jackson*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Family Found. v. Comm'r*, 15 F.3d 917, 920 (9th Cir. 1994), and for clear error its factual determinations, including the imposition of accuracy-related penalties, *Hansen v. Comm'r*, 471 F.3d 1021, 1028 (9th Cir. 2006). We affirm.

The Tax Court properly upheld the Commissioner's deficiency determination because Buckardt failed to establish that his pension benefits from State Street Retiree Services were not subject to taxation under the Tax Code. *See Hawkins v. United States*, 30 F.3d 1077, 1079 (9th Cir. 1994) ("An accession to wealth . . . is presumed to be taxable income, unless the taxpayer can demonstrate that it fits into one of the Tax Code's specific exemptions.").

The Tax Court did not clearly err in imposing an accuracy-related penalty for Buckardt's underpayment of tax due to negligence or disregard of the rules and regulations and his substantial understatement of income tax. *See* 26 U.S.C. § 6662(a), (b)(1) & (2) (authorizing penalty not to exceed 20% of the underpayment for, among other things, negligence or disregard of rules or regulations or a substantial understatement of income tax); *id.* § 6662(c) (defining negligence and disregard); *id.* § 6662(d)(1)(A) (defining substantial understatement).

The Tax Court did not abuse its discretion in imposing a penalty for Buckardt's maintenance of a frivolous or groundless suit despite the Tax Court's

repeated warnings. *See id.* § 6673(a)(1) (authorizing penalty not to exceed $25,000 for, among other things, bringing an action that is frivolous or groundless); *Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993) (setting forth standard of review and explaining that "[w]hen taxpayers are on notice that they may face sanctions for frivolous litigation, the tax court is within its discretion to award sanctions under section 6673").

Buckardt's contentions that the Tax Court violated his First, Fourth, and Fifth Amendment rights and was biased against him are unpersuasive and unsupported by the record.

The Commissioner's motion for sanctions against Buckardt for pursuing a frivolous appeal, filed on July 9, 2012, is denied. *See* 28 U.S.C. § 1912; Fed. R. App. P. 38.

**AFFIRMED.**

12-70143